By the Court.—Garvin, J.
This is an appeal from a judgment entered upon findings of law and fact, made by Justice Barbour, on July 22, 1867.
The facts established at the trial show that in January, 1866, a suit was commenced in the supreme court, by the defendants in this action, against Hamilton Blagge and Ogden P. Pell, to recover about $1,600 ; and therein an attachment was issued to the sheriff of New York, who called upon the plaintiffs with the attachment, served it, and was informed by the plaintiffs that, including property unsold, they had in their hands about $1,900 due to Blagge & Co. Judgment was entered against Blagge & Co. on March 17, 1866, and on the'19th of March, execution was issued, of which the plaintiffs were informed, and then and thereafter informed the sheriff and attorneys for defendants that they had in their hands property sufficient to pay the ex *35 ecution. On May 25, 1866, the plaintiffs paid the sheriff) on the execution, $1,861.31, and on the 2nd day of June, $63.02, for which the sheriff gave .the plaintiffs a receipt as follows:
“ Supreme Court.—Jacob Berlin v. Hamilton Blague et al.—Received, New York, June 2, 1866, from Messrs. Duncan, Sherman & Co., $1,924.33, in full for proceeds of sale, the said money being attached January 16, 1866, in the hands of Duncan, Sherman & Co., and paid over by them under protest.
“Received payment,
“Thomas Fearing, Deputy Sheriff,
“ Per David Meelio, Deputy SheriffP
On the 7th of June, the sheriff returned the execution satisfied; and paid the money over to the defendants, excepting $194.14, his fees.
It also appeared that while the sheriff had the attachment and execution in his hands, property came to the hands of the plaintiffs belonging to Blagge & Co., amounting to $2,000 and upwards, which was disposed of by them. The plaintiffs subsequently discovered an error in then account with Blagge & Co., of $1,000, making the balance $1,900, instead of $900, as in fact it should have been. That error was not discovered till after the 23rd of May.
If this had been a case of mutual mistake of facts in respect to which both parties were equally bound to inquire, the money might- have been recovered (Bank of Commerce v. Union Bank, 3 N.Y. [3 Comst.] 230); but that is not the case. The defendants were not bound to make inquiry} nor were they mistaken in any fact. The defendants stood in the relation of plaintiffs enforcing payment against the property and effects of Blagge & Co., found in the hands of the plaintiffs in this action. " The plaintffs concede and admit this, state the amount of property, and by their receipt admit it was attached on the 16th of January, 1866; and on the 25th of May they paid over the amount to the sheriff, and lié paid it to the defendants., *36 less Ms fees. The defendants only knew of the legal steps taken to recover their demand, and were not bound to inquire how much property of Blagge & Co. was in plaintiffs’ hands. The mistake was solely that of the plaintiffs.
It is said by Marcy, J., In the case of Franklin Bank v. Raymond (3 Wend., 67), that it is a general principle of law that if a party pays money under a mistake of the real facts, without any negligence" imputable to him for not knowing them, he may recover such money. Can it be said that the money in this case was paid without imputation of any negligence on their part for not knowing of their mistake ? We think not. The error was very gross, both in amount and the length of time it remained undiscovered. The consequences of this mistake must either fall upon the plaintiffs or the defendants. There was certainly a want of ordinary caution and care in making up and keeping the account existing between the plaintiffs and Blagge & Go., and upon this error the mistake of fact happened. It was in the plaintiffs’ books that the error occurred—not Blagge & Co.’s, but theirs, doubtless kept by clerks ; but the plaintiffs are responsible for their clerks and their acts, and by them they must. be bound.
It cannot be said, either, that it is against conscience for the defendants to retain the money (Price v. Neal, 2 Burr., 1354). If the defendants had been told the “real facts,” that plaintiffs only had nine hundred dollars in their hands at the time the attachment was issued and shown the plaintiffs, there was an abundance of property belonging to Blagge & Co. then in New York, and which afterwards came to the city, out of which the defendants could have made their debt. Now their judgment is satisfied, the judgment debtors insolvent, and their property disposed of without the fault of the defendants, but growing out of the mistake of the plaintiffs. Who is to bear the loss % We think it must faE upon the plaintiffs.
. The judgment should be affirmed, with costs.